OPINION
Appellant was found guilty, after trial by jury, in the Montgomery County Court of Common Pleas, of Murder, R.C.2903.02(A) and Felonious Assault, R.C. 2903.11(A)(1),(2), in 1992. He was sentenced on January 22, 1993, to consecutive terms of 15 years to life and 8 years to 15 years. Following appeal to this court, and a reversal of the conviction, appellant was found guilty of Murder and a lesser included offense of Aggravated Assault. He was sentenced to 15 years to life for murder, and 3 to 5 years on Aggravated Assault, to be served consecutively.
Appellant's direct appeal of the second conviction resulted in affirmance by this court on February 23, 1996. His appeal to the Ohio Supreme Court was dismissed on July 31, 1996.
On September 13, 1996, appellant filed an App. R. 26 (B) motion to reopen the appeal on grounds of ineffective assistance of counsel. This motion was overruled on January 6, 1997, and appellant appealed to the Ohio Supreme Court, which dismissed the appeal on May 14, 1997.
The instant petition for post-conviction relief was filed February 20, 1998. The Montgomery County Common Pleas Court granted summary judgment to the appellee, State, on April 16, 1998. From this judgment Brewer appeals, pro se, assigning three errors:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT USED RES JUDICATA AS A BASIS FOR DENIAL OF THE POST-CONVICTION PETITION.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S POST-CONVICTION PETITION ON THE GROUNDS THAT IT WAS UNTIMELY FILED.
 THIRD ASSIGNMENT OF ERROR
 PETITIONER'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL THAT IS GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WAS VIOLATED BY TRIAL COUNSEL'S FAILURE TO PRESENT, THROUGH DEFENSE WITNESSES AND CROSS-EXAMINATION OF STATE WITNESSES, CRITICAL EVIDENCE TO THE JURY THAT WOULD HAVE DEMONSTRATED APPELLANT'S INNOCENCE.
 I.
In 1995, the Ohio legislature adopted time limits for the filing of petitions for post-conviction relief in criminal cases. Am.Sub.S.B. No. 4 became effective September 21, 1995.
 (2) A petition under Division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
R.C. 2953.21(A)(2).
Further, the legislature provided for instances, as here, where the original sentence took place before enactment of the limitations:
 A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
1995 S.B.4, Section 3, eff. September 21, 1995, uncodified.
The latest date upon which appellant could claim favor of the civil action of post-conviction remedy would be September 23, 1996.
Appellant claims, however, that the evidence he needed for the post-conviction proceedings was not available until August, 1997, thus extending the time for filing. He offered no explanation for the delay of over five months before filing.
We conclude that the summary judgment of the Montgomery County Common Pleas Court is supported by undisputed fact and law. Brewer's first Assignment of Error is overruled.
 II.
As noted above, the post-conviction petition is time barred. Brewer's second Assignment of Error is overruled.
 III.
Petitioner's claim of ineffective assistance of counsel in the trial of the case is also time barred. Brewer's third Assignment of Error is overruled.
 IV.
All of Brewer's assignments of error having been overruled, the judgment of the trial court is affirmed.
GRADY, P.J. and GREY, J., concur.
Hon. John R. Milligan, Retired from the Court of Appeals, Fifth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.
Hon. Lawrence Grey, Retired from the Court of Appeals, Fourth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.